OPINION
Defendant John M. McCleod appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced appellant for one count of possession of cocaine in violation of R.C.2925.11, after a jury found him guilty. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR I. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 II. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION AND/OR ERRED AS A MATTER OF LAW WHEN IT FAILED TO EXCLUDE RELEVANT EVIDENCE ON THE GROUNDS OF PREJUDICE UNDER OHIO RULES OF EVIDENCE, RULE 403.
 III. APPELLANT'S CONVICTION FOR POSSESSION OF DRUGS-COCAINE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
The record indicates the case arose from the search of appellant's jacket during an execution of a search warrant at a Canton "crack house". Police had seen appellant wearing the jacket as he entered the house, and appellant claimed ownership on three occasions, until drugs were found in the jacket. Police found the jacket some distance from appellant during the raid, and there were a number of other persons present. Prior to the selection of the jury, appellant moved in limine to suppress evidence regarding the $540 of cocaine-tainted cash found during the search. The trial court sustained the motion in part, suppressing $20, the marked money used by police the night before the raid in a controlled buy. The court overruled the motion with regard to the remaining $520 and this appeal followed.
 II
In his second assignment of error, appellant urges the court should have suppressed not just the two ten dollar bills, but the balance of the money found in appellant's jacket. Appellant argues the State introduced no evidence of how appellant came by the money, but the testimony with regards to the $520 was extremely prejudicial. The trial court has broad discretion to admit or exclude relevant evidence, see State v. Sage
(1987), 31 Ohio St.3d 173. Thus, we may not reverse the court's ruling on an evidentiary issue unless we find the court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as demonstrating the trial court's attitude was unreasonable, arbitrary, or unconscionable, State v. Adams (1980), 62 Ohio St.2d 151 at 157.
The State urges the $520 was relevant, because the evidence tended to show appellant was connected to drug activity in the crack-house.
We have reviewed the record, and we find defense counsel cross-examined the criminalist who testified concerning the money. On cross, the witness conceded the money could easily have been contaminated with cocaine during the raid and seizure of appellant's jacket. In addition, in closing argument, defense counsel pointed out to the jury the weakness of the money as evidence.
We find the trial court did not abuse its discretion in overruling the motion in limine. The second assignment is overruled.
 I
In his first assignment of error, appellant urges defense counsel was ineffective with regard to the motion in limine and the money as discussed in I, supra. Appellant argues although defense counsel objected to the money when the State presented it as evidence, counsel did not object when the prosecution moved all the exhibits into evidence.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test for courts to apply to determine whether an accused received the effective assistance of counsel. First, the accused must show that counsel's representation fell below an objective standard of counsel's professional duty toward the client. Once the accused has shown the deficient performance, then he must demonstrate the sufficient performance actually prejudiced his ability to receive a fair and reliable trial.
Ohio has adopted the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 142.
Because we find in II, supra, the court did not err in admitting the evidence, it follows defense counsel's performance with regard to that evidence was not deficient.
The first assignment of error is overruled.
 III
In his third assignment of error, appellant urges the jury's verdict was against the manifest weight and sufficiency of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained the similarities and differences between the concepts of sufficiency of the evidence and manifest weight. Sufficiency refers to the legal standard which the trial court applies to determine whether the evidence is legally sufficient to submit the matter to the jury. Manifest weight, on the other hand, refers to the fact finder's task to determine which side has presented the greater amount of credible evidence. This court may not reverse unless we find, when the jury reviewed the conflicting evidence, it clearly lost its way to create a manifest miscarriage of justice. Thompkins at 383-384, citations deleted.
Appellant argues the State cannot prove he possessed cocaine simply because of his presence in a crack house, particularly since the jacket in which the contraband was found was in a different room, and accessible to anyone in the house. As the State points out, possession of a controlled substance can be actual or constructive, and the evidence must only show the defendant was able to exercise control over the items in order to prove constructive possession, see State v. Barr (1993),86 Ohio App.3d 227. Here appellant admitted ownership of the jacket in which the cocaine was found.
We have reviewed the record, and we find, although contested, the evidence was sufficient for a reasonable jury to find the State had proven each element of the offense beyond a reasonable doubt. Accordingly, the jury's verdict is not against the manifest weight and sufficiency of the evidence.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.